IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2007 OCT 24 PM 4: 38

CLERK_____
SO. DIST. OF GA.

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | CR 407-148 |
| | ) | |
| DEAUNBREY ANTONIO GARDNER, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

The defendant Deaunbrey Antonio Gardner ("Gardner") was charged in a one count indictment with possession of a firearm by a felon in violation of 18 U.S.C. § 922(g). This case was heard before this Court on September 24, 2007. Defendant had previously, on the record, and again before proceeding to trial waived his right to a jury and the case proceeded as a bench trial.

The Government presented six witnesses, four of which were law enforcement officials, and two witnesses that resided at the premises where the firearms and ammunition were found. Defendant stipulated to two of the three elements required to convict him. Gardner stipulated that he was a

felon at the time of this incident and that the guns involved herein traveled through interstate commerce. The only issue before the Court is whether Defendant was in knowing possession of the firearms located at 1020 E. Gwinnett Street, Savannah, Georgia.

I.   **Facts**

On March 28, 2008 officers searched Angel Young's home located at 1020 E. Gwinnett Street. The home was filled with guns and ammunition both on the first floor in the living area and in the upstairs master bedroom. Defendant Gardner was found hiding upstairs in the master bedroom closet under piles of clothes. In this same closet, a duffle bag marked "Security" was found on the top shelf of the closet. This duffle bag contained three firearms: a Bryco Arms, model 38, .380 caliber semi-automatic pistol (serial no. 1034164), a Phoenix Arms model HP22, .22 caliber semi-automatic pistol (serial no. 4218845), and a Bryco Arms, model 58, .380 caliber semi-automatic pistol (serial no. 1017565). In addition, a slightly open box filled with ammunition was found in the bedroom on the window sill. The only alleged personal items of Gardner's were a few photographs of him in a bathtub. These photographs were in a notebook that was found in a second duffle bag in the master bedroom. Also inside the second duffle bag was identification and a checkbook belonging to Gerran Campbell.

Downstairs on the first floor the search revealed ammunition and three more firearms: a Smith and Wesson model 60, .357 caliber revolver (serial no. CDP6258), a Strum Ruger, model Mini 14, .223 (serial no. 184-95929), and a Romarm SA/Cugir, model WASR-10 semi-automatic rifle (serial no. BU-1630-86), as well as ammunition. This contraband was found in the sofa, ottoman and loveseat in the living areas. Also found in the den was a cup of hydrogen peroxide that belonged to Defendant Gardner.

At trial, while the Government generally proffered that Defendant Gardner was in possession of all of the firearms found at the home, only a few of the guns were specifically identified by witnesses as ones that Defendant actually possessed at the premises. Angel Young testified that she alone was the lessee of the premises and was the occupant of the master bedroom where Gardner was found. She stated that Gardner was a guest who slept on the couch on the first floor for a few weeks. With respect to the firearms, Ms. Young specifically saw Defendant Gardner in the house with the Strum Ruger Mini 14 pictured in Exhibit 4(q) and the Silver revolver, the Smith and Wesson pictured in Exhibit 4(s)(3) and 4(u)(1). Ms. Young also explained that she had purchased hydrogen peroxide for

3

Defendant to help with his abscessed lip, and a cup of this peroxide was found close to the couches[1] when the search was executed.

However, Ms. Young identified the duffle bag marked "Security" and the ammunition in the master bedroom as belonging to another house guest, James Wallace. Ms. Young did not know who owned the second duffle bag in her room or who owned the pictures of Defendant Gardner found amongst a notebook in the bag.

Kraig Baker, Angel Young's cousin and a short-term resident of 1020 E. Gwinnett Street, also testified for the Government. He testified that he had seen Gardner with a silver revolver identical to the Smith and Wesson pictured in Exhibit 1(c), but Mr. Baker had not seen Defendant with any of the other firearms that were seized from the home. Mr. Baker also stated that his cousin, Angel Young occupied the master bedroom where Gardner was found.

## II. Analysis

In order to be a felon-in-possession of a firearm the Government must prove beyond a reasonable doubt "three distinct elements:" (1) the defendant is a convicted felon; (2) the defendant was in knowing possession of a

---

[1] In the couch that was adjacent to the cup of peroxide police recovered the Romarm semi-automatic rifle (serial no. 184-95929). Also found in this couch was the Smith and Wesson silver revolver that Ms. Young identified as being Gardner's personal weapon.

4

firearm; and (3) that the firearm affected or was in interstate commerce. United States v. Wright, 392 F.3d 1269, 1273 (11th Cir. 2004) (citing United States v. Jernigan, 341 F.3d 1273, 1279 (11th Cir. 2003)). Since Gardner stipulated to elements one and three, the only remaining issue in this case is whether Gardner was in knowing possession of every firearm confiscated from 1020 E. Gwinnett Street.

"Possession can be shown by circumstantial as well as direct evidence," and "can be either actual or constructive." Wright, 392 F.3d at 1273 (citations omitted). "In order to establish constructive possession, the government must produce evidence showing ownership, dominion, or control over the contraband itself." Id. (citation omitted). However, mere presence near contraband, or awareness of its location, is insufficient to establish possession. United States v. Thompson, 473 F.3d 1137, 1142 (citation omitted); United States v. Gardiner, 955 F.2d 1492, 1495 (11th Cir.1992).

This Court finds that Defendant Gardner was in possession of the three firearms discovered in the couches on the first floor where Defendant slept and where his cup of hydrogen peroxide was found. Possession of two of these firearms is uncontroverted; witnesses testified as to having seen Gardner carry the Strum Ruger Mini 14 and the Smith and Wesson.

5

Specifically, Ms. Young observed Gardner with the Strum Ruger Mini 14 and the Smith and Wesson, and Mr. Baker observed Gardner with the Smith and Wesson. With respect to the Romarm semi-automatic rifle, it was found in the couch where Defendant slept, in the same couch that Defendant's Smith and Wesson silver revolver was found, and in close proximity to where Defendant kept his cup of peroxide.

However, the Government has not met its burden of proof that Defendant Gardner was in possession of the remaining three firearms confiscated from 1020 E. Gwinnett Street. Specifically, the Government has not established beyond a reasonable doubt that Defendant was in actual or constructive possession of the firearms in the master bedroom closet. Mere presence near contraband or awareness of its location is simply not enough to constitute "knowing possession." The Government has only established that Gardner was merely present in the closet in close proximity to the firearms in the "Security" duffle bag. The Government proffers that Gardner knew of the weapons in the home per his statements in the back of the police car, and that Gardner's decision to take off and hide in the closet indicates his consciousness of guilt. The Court finds that Gardner's statements in the back of the police car establish that Gardner was generally aware that guns were in Ms. Young's home, however his statements do not

demonstrate that Gardner had specific knowledge of the firearms in the duffle bag.

Moreover, the Government did not prove beyond a reasonable doubt that Gardner's personal effects were in the master bedroom or in the "Security" bag, and therefore the Government did not link Gardner to the very location where the firearms were found. Cf. United States v. Winchester, 916 F.2d 601, 605 (11th Cir. 1990) (holding there was sufficient evidence to establish the possession element when the travel bag containing the firearm also contained papers and photographs identifying it as belonging to Winchester, and further Winchester's fingerprints were found on various items in the bag). Unlike Winchester, in this case the photographs of Gardner were amongst possessions belonging to another individual.

Further none of the witnesses testified as to seeing Defendant Gardner in possession of the duffle bag or the firearms in the bag. In fact, Ms. Young testified that someone other than Gardner owned the "Security" duffle bag. She stated that the "Security" duffle bag was brought into the home by James Wallace along with the ammunition found on the bedroom window sill. Therefore, the Court finds that with respect to the firearms in the

"Security" duffle bag, the standard of proof for knowing possession has not been met.

## III. CONCLUSION

The Court finds Defendant Gardner is guilty of Count 1 of the indictment with respect to the following firearms: Smith and Wesson model 60, .357 caliber revolver (serial no. CDP6258), Strum Ruger, model Mini 14, .223 (serial no. 184-95929), and the Romarm SA/Cugir, model WASR-10 semi-automatic rifle (serial no. BU-1630-86).

The Court does not include the firearms located in the "Security" duffle bag found in the master bedroom for the reasons stated herein.[2]

SO ORDERED.

_____
JOHN F. NANGLE
UNITED STATES DISTRICT JUDGE

Dated: October 23, 2007

---

[2] With respect to hiding in the closet, the Court does not need to reach the issue of whether Defendant's flight, under the circumstances, can be viewed as an admission of guilt because at most this would constitute circumstantial evidence and without more is insufficient to carry the Government's burden of proof.

8